Order entered October 17, 2013



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00860-CR

**RONALD PETER GRINDHEIM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

### On Appeal from the Criminal District Court No. 6
### Dallas County, Texas
### Trial Court Cause No. F04-48306-X

## ORDER

In his brief, appellant asserts that an exhibit is missing from the record. Specifically, appellant asserts that the State introduced appellant's judicial confession as Exhibit no. 1 in support of the motion to revoke community supervision. The reporter's record does not contain any exhibits and the document reflecting appellant's plea of true references only psychological evaluation and counseling and not appellant's failure to seek substance abuse treatment. Appellant further asserts there is no document reflecting appellant's plea of true to failing to seek substance abuse treatment.

In accordance with Texas Rules of Appellate Procedure 34.5(e) and 34.6(f), the Court **ORDERS** the trial court to make findings regarding the following:

- Whether the clerk's record filed with this Court contains all of the documents that were made part of the June 14, 2013 revocation proceeding. Specifically, the trial court shall determine whether a judicial confession, separate from the document contained at pages 56 and 57 of the clerk's record, was made part of the June 14, 2013 revocation proceedings.

- If the trial court determines there is no other judicial confession, apart from that contained at pages 56 and 57 of the clerk's record, the trial court shall make a finding to that effect.

- If the trial court determines there is a judicial confession, separate from the document contained at pages 56 and 57 of the clerk's record, the trial court shall determine whether that document is in the possession of the Dallas County District Clerk.

- If the trial court determines there is a judicial confession, separate from the document contained at pages 56 and 57 of the clerk's record, but the document is not in the possession of the Dallas County District Clerk, in accordance with rule 34.5(e), the parties may deliver a copy of the document to the trial court clerk for inclusion in the clerk's record.

- If the trial court determines there is a judicial confession, separate from the document contained at pages 56 and 57 of the clerk's record, but the document is not in the possession of the Dallas County District Clerk and the parties cannot agree on a substituted copy, in accordance with rule 34.5(e), the trial court shall determine what constitutes an accurate copy of the missing item and order it to be included in a supplemental clerk's record.

- If the trial court determines that there was a judicial confession, separate from that contained at pages 56 and 57 of the clerk's record, and that the document was delivered to the Court reporter for inclusion in the reporter's record, the trial court shall determine whether the court reporter can supplement the reporter's record with the judicial confession. If the trial court determines that the court reporter cannot supplement the record with the judicial confession, the trial court shall determine whether appellant is at fault for the loss or destruction of the judicial confession and whether the parties can agree on a substituted copy.

We **ORDER** the trial court to transmit a record containing its findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with the order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received.


/s/     LANA MYERS
        JUSTICE